UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GEORGE WASHINGTON,<br>Defendant. | Case No.  3:24-cr-00064-WHA-2<br><br>**ORDER MODIFYING BOND CONDITIONS**<br><br>Re: Dkt. 43 |

## INTRODUCTION

Now before the Court is the Defendant George Washington's ("Washington") Motion for Bond Modification from Lockdown to Curfew. On June 5, 2024, Defense Counsel filed a Motion seeking Modification of Bond Conditions. [Dkt. 43]. The Government opposed in open court. On June 7, 2024, Pretrial Services submitted a memorandum setting forth their comments and input on the issues raised. [Dkt 44]. At a hearing held on June 10, 2024, the Court heard oral argument on the instant motion. [Dkt. 45]. Washington was present and was represented by counsel. After reviewing the briefing and records in this case, and after hearing argument from counsel and comments from Pretrial Services, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Motion to Modify Bond Conditions for the reasons set forth below and for the reasons stated on the record at the hearing in this matter, which are incorporated herein by reference.

//

//

**DISCUSSION**

In considering the Motion, the Court is guided by several general principles. First, the Court "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Second, if the Court concludes after considering all the factors and applying the proper legal standards (which the Court did previously in this case) that a release on conditions is appropriate, the Court is empowered to order the pretrial release of a defendant "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(c)(1).

Here, in addition to other conditions, the Court originally released Washington on condition that he reside at the halfway house on lockdown, subject to being allowed to leave the halfway house for employment and with allowance from Pretrial Services. Washington is a member of a union and works on various construction jobs assigned to him by the union. Approximately four times since residing at the halfway house, Washington has experienced delays in checking out and being allowed to leave because of delays in the halfway house staff's finding and processing the approval paperwork from Pretrial Services. Pretrial Services has also been burdened by late night or weekend requests for approval to leave the halfway house, because Washington has occasionally received instructions from the union to report to a new job or new job site either after hours or on a weekend. Ultimately, because the union sometimes provides Washington with last minute assignment to a new job, there have been delays in Washington's ability to properly check out and depart the halfway house the following morning (sometimes as early as 5:00 am) which have resulted in Washington's late arrival at job sites. At the hearing on this matter, the Court was presented sufficient uncontroverted evidence that this is an issue likely to recur given the nature of union job assignments.

Washington's motion requests that Washington's bond conditions be modified so that he no longer be on lockdown but rather only be subject to a curfew. Apparently, a halfway house resident who is on curfew need not provide paperwork each morning from Pretrial Services approving of the departure that day, but rather, a curfew condition simply requires a resident to sign out quickly

themselves. The Government and Pretrial Services both oppose changing the bond conditions for Washington from lockdown to curfew, for reasons stated both on the record and in the Pretrial Services memorandum dated June 7, 2024, dkt 44. There is a logistical problem here which impacts Washington's ability to work while on release (which is a salutary goal). Also, because of the union's practice of assigning jobs for the following day after hours or on weekends, there is a burden on Pretrial Services as well in processing the allowance paperwork for Washington's departure from the halfway house.

The Court found at the hearing on this matter, and confirms herein, that changing the bond conditions from lockdown to curfew is not the appropriate resolution to this issue. The problem with delays in receiving notice of a new job or job site from the union (and the resulting delays in Washington's arrival at his job) are recurring but not overly frequent (and certainly not a daily issue). After discussion with Pretrial Services and counsel for the Parties, the Court found at the hearing (and confirms herein) that the appropriate resolution is to modify the bond conditions to require Pretrial Services to provide a standing allowance for Washington to depart the halfway house each morning for work, on those days when Washington has been assigned to a job by the union. Pretrial Services and the Parties did not object to this modification.

Further, the Parties agreed that Washington's bond conditions could be modified to provide Washington allowance to leave the halfway house in order to visit with his infant child on weekends, for eight hours during a day.

The Court has considered all the evidence and arguments presented and has also given due consideration to the recommendation of Pretrial Services in this case. Accordingly, based on the entire record, arguments, and evidence in this matter, the Court finds that modification of Washington's bond conditions is appropriate under applicable legal standards and in light of information not known to the Parties previously. In light of the foregoing, the Court **ORDERS** that Pretrial Services issue a standing allowance for Washington to leave the halfway house to go to work. Washington **SHALL** sign out each day and **SHALL** inform Pretrial Services when there is a gap between jobs such that he need not leave the halfway house for work on a particular day.

The Court further **ORDERS** the bond conditions to be modified to allow the Washington to leave the halfway house to visit his daughter, as approved by Pretrial Services.

## CONCLUSION

For the reasons stated on the record at the hearing and for the reasons as further stated herein, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Motion to Modify Bond Conditions for Defendant Washington.

**IT IS SO ORDERED.**

Dated: June 14, 2024

PETER H. KANG
United States Magistrate Judge