ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-CR-0064 WHA |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Hearing Date: November 12, 2024 |
| GEORGE WASHINGTON, | Hearing Time: 2:00 pm |
| Defendant. | Hon. William Alsup |

## INTRODUCTION

The Defendant, George Washington, stands before the Court to be sentenced after his guilty plea in open court to a violation of Title 18, United States Code, Section 922(g)(1), being a felon in possession of a firearm. The government respectfully submits this sentencing memorandum to indicate that it has a single objection to the Presentence Report's calculation of the Guidelines offense level and to recommend that the Court impose a sentence of 33 months.

## DEFENDANT'S OFFENSE CONDUCT

Defendant Washington and co-defendant Ricky Rollins were present at Washington's residence at 1765 Sunnydale Avenue in San Francisco when San Francisco Police Department officers executed a

search warrant looking for firearms. The search warrant was based on probable cause that Washington played some role in an earlier attempted murder. *See* ECF No. 54-1 at 17-51 (search warrant affidavit). During that search, officers found a firearm in an upstairs room, along with a holster. Officers also located an empty .357 magazine in a backpack along with indicia in Washington's name. DNA testing indicated very strong support for the presence of Washington's DNA on the firearm found in the bedroom. During a pat search of co-defendant Rollins, officers recovered a firearm that Rollins had hidden in his crotch.

The search warrant for Defendant Washington's residence also sought evidence related to the Down Below Gang, or DBG. *Id.* at 19. The affidavit connected Washington with the Instagram account "324thang." *Id.* at 21. The numbers 3, 2, and 4 on a keypad correspond to the letters D, B, and G. The affidavit also indicated that the area in which Washington resides is an area in which two rival gangs claim territory, DBG and "Trey-4." *Id.* at 22. The victim of the attempted murder in the search warrant was a woman who was the sister of a Trey-4 member and who was dating another member of that gang. *Id.* Further, the PSR reports that officers identified Washington as being associated with DBG as early as 2010. PSR ¶¶ 39-40. The PSR also reflects a 2012 conviction for Defendant's violation of a gang injunction. PSR ¶ 33.

According to co-defendant Rollins, Washington is Rollins' cousin. ECF 54-1 at 3 ¶ 6 (Rollins' declaration iso motion to suppress). Rollins is a member of DBG, as this Court found when sentencing him for his conviction for RICO conspiracy related to the DBG enterprise. Case No. 05-CR-0167 WHA, Dkt. No. 1260 at 4 (N.D. Cal. June 14, 2007) (Judgment – supervised release condition of non-association with DBG).

## SENTENCING GUIDELINES CALCULATION

The government initially agreed with the Probation Officer's calculation that Washington's adjusted offense level is 12, but in drafting this Sentencing Memorandum, the government now believes that Defendant's 2016 Second Degree Robbery conviction under California Penal Code Section 212.5(c), PSR ¶ 36, constitutes a crime of violence under the Guidelines.

Penal Code 212.5(c) addresses "all kinds of robbery other than" those committed against operators of public transit and their passengers and against customers using ATMs. These robberies are

the subject of subsections (a) and (b) of Section 212.5(c).  The California Penal Code defines robbery in as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  Cal. Penal Code § 211.

Guideline 2K2.1(a)(4)(A) provides a base offense level of 20 for possession of a firearm or ammunition following a conviction for a crime of violence.  The term "crime of violence" is defined for the Guidelines in Section 4B1.2.  That definition includes a number of specifically enumerated crimes, including robbery.  "The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—. . . is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery**, arson, extortion, . . . ."  U.S.S.G. § 4B1.2(a)(2) (emphasis added).

Prior to 2023, the Guidelines provided no definition for robbery, so courts considering whether predicate robbery convictions could be classified as crimes of violence for the purpose of sentencing were required to apply the generic federal definition of robbery to the elements of the conviction, such as California robbery.  Those courts held that the generic definition of robbery did not include threats to property.  *See, e.g.*, *United States v. Bankston*, 901 F.3d 1100, 1103 (9th Cir. 2018) (citing *United States v. Becerril-Lopez*, 541 F.3d 881, 891 (9th Cir. 2008)).  California robbery, however, did encompass threats to property.  *Id.* ("California robbery is thus not a categorical match for generic federal robbery.") (same).  Because California robbery was broader than generic federal robbery, it could not be considered a crime of violence.  *Id.*

In November 2023, the Sentencing Commission issued Amendment 822, which inserted a definition for robbery into Section 4B1:

> "Robbery" is the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, **to his person or property, or property in his custody or possession**, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining. The phrase "actual or threatened force" refers to force that is sufficient to overcome a victim's resistance.

Section 4B1.2(e)(3) (emphasis added).  Thus, after November 2023, robbery convictions that can be

based on threats to property, like California's robbery statue, are now covered by the Guidelines' definition of that crime.

For this reason, the base offense level for Defendant's possession of the firearm should be 20, instead of the 14 contained in the PSR. PSR ¶ 19.

|   |   |   |
|---|---|---|
| a. | Base Offense Level:<br>(2K2.1(a)(4)(A)<br>(One prior crime of violence conviction) | 20 |
| b. | Acceptance of Responsibility:<br>(3E1.1(a),(b)) | -3 |
| c. | Adjusted Offense Level: | 17 |

The government agrees with the Probation Office's determination that Defendant has a criminal history score of 3 and that his Criminal History Category is II. PSR ¶¶ 37-38. That yields a Guidelines range of 27-33 months. For the reasons set forth below, the Court should sentence Defendant to a term at the high end of that range.

## SECTION 3553(A) FACTORS

The two factors under Section 3553(a) that are most relevant to Defendant's sentencing are the need to provide deterrence, Section 3553(a)(2)(B), and the applicable Guidelines range for his offense, Section 3553(a)(4)(A). To begin with the Guidelines range, as the PSR indicates, Defendant's criminal history score significantly underrepresents his past criminal conduct. In addition to two juvenile felony convictions for unlawful possession of firearms, Defendant has five adult convictions, including two felonies—one for assault, and one possession of concealed weapon in a car. PSR ¶¶ 32-36. Further, his criminal record shows no fewer than 13 arrests, including for violent crimes, that did not result in convictions.

Despite all these convictions, Defendant still is classified only as a CHC II, in large part because his priors are too old. By contrast, a defendant with a single misdemeanor conviction resulting in a two-month sentence can earn two criminal history points and be classified as a CHC II as well. *See* U.S.S.G. § 4A1.1(b).

With respect to deterrence, not only did the number of prior convictions fail to prevent Defendant from committing additional crimes, but his most recent armed robbery prison sentence of seven years—of which he served five—had no effect either. PSR ¶ 36; PSR Sentencing Recommendation at 2. Considering the principle of escalating punishment, if a five-year prison term was not enough to deter criminal conduct, then a more lengthy sentence is necessary.

At the same time, however, Defendant has shown that he can contribute to society. Since his release from the armed robbery conviction, he has been able to maintain employment in construction. PSR ¶¶ 68-69. He has also demonstrated an interest in parenting his own daughter and the son of his significant other. PSR ¶¶ 58, 60. Of course, the facts of this case show that while he was working and parenting, he was still involved in criminality and was associating with other members of the Down Below Gang. Thus, while Defendant's potential to be a working member of the community and an active parent may mitigate what could be a sentence of more than five years, they do not serve to justify a variance below the Guidelines range. In fact, the persistent nature of Defendant's criminal conduct and the lack of effect his prior convictions and periods of incarceration have had on him indicate that a term at the high end of the range, or 33 months, is sufficient, but not greater than necessary in this case.

## CONCLUSION

For the reasons set forth above and the in the Presentence Report, the government respectfully requests that the Court sentence Defendant George Washington to a term of 33 months in custody, three years of supervised release, and a $100 special assessment.

DATED: November 6, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

/s/ *Kevin J. Barry*

_____
KEVIN J. BARRY
Assistant United States Attorney